UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joel Schneider |
| v. | : | |
| JONATHAN A. KIRSCHNER, a/k/a “Jonathan Kratcher” | : | Mag. No. 17-2028 (JS) |

---

# MEMORANDUM OF THE UNITED STATES IN SUPPORT OF ITS MOTION FOR REVOCATION OF BAIL

---

WILLIAM E. FITZPATRICK
Acting United States Attorney
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

On the Memorandum:

ALYSON M. OSWALD
Assistant U.S. Attorney
Camden Federal Building & U.S. Courthouse
401 Market Street, 4th Floor
Camden, New Jersey 08101
(856) 757-5026

**PRELIMINARY STATEMENT**

The United States respectfully submits this memorandum in support of its motion to revoke the bail set by this Court for defendant Jonathan A. Kirschner. As discussed below, Jonathan A. Kirschner – after agreeing to be bound by the Court's conditions of release – has violated the Court's Order. Specifically, Jonathan A. Kirschner imported 39 counterfeit cardstock labels bearing counterfeit markings and holographs of the Numismatic Guaranty Corporation ("NGC") as well as descriptions of various numismatics and precious metals. See Exhibit A. These materials were falsely manifested as containing "copper medal [sic]." Importing this falsely manifested, counterfeit material is evidence of a violation of federal customs laws, including but not limited to entry of goods by means of false statements, in violation of 18 U.S.C. § 542. In addition, the United States learned yesterday that two additional packages consigned to Kirschner were intercepted and found to contain 70 gold bars between the two packages, all believed to be counterfeit. See Exhibit B. Jonathan A. Kirschner is committing these crimes while on very specific, stringent conditions of pretrial release. By his conduct discussed below, Jonathan A. Kirschner has demonstrated that there is no combination of conditions of release more stringent than previously ordered that could ensure his compliance.

Because he is unlikely to abide by any condition or combination of conditions of release, his bail must be revoked. 18 U.S.C. § 3148(b)(2)(B). The United States requests that this matter be returnable as soon as practicable.

The United States further respectfully reserves its right to supplement its memorandum with oral argument.

**STATEMENT OF PROCEDURAL HISTORY**

This is not Jonathan A. Kirschner's first violation of federal customs laws. The investigation into Jonathan A. Kirschner began on or about June 2, 2017, when an individual (hereinafter, "Victim 1") contacted the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and reported, in substance and in part, that defendant Jonathan A. Kirschner, a/k/a "Jonathan Kratcher," had recently sold to Victim 1 what Kirschner claimed to be real gold bars which turned out to be fake. Victim 1 explained that Kirschner claimed to be an ATF agent in written correspondence with Victim 1 and in-person when Victim 1 met Kirschner. Kirschner also had a photograph of an ATF law enforcement badge posted on his Facebook page.

Victim 1 explained that Victim 1 decided to purchase $11,000 worth of gold bars from Jonathan A. Kirschner, a/k/a "Jonathan Kratcher." During the purchase, Kirschner was wearing

an ATF badge around his neck. After the purchase, Victim 1 had the gold bars examined by a company specializing in authenticating gold and learned the gold bars were fake.

Kirschner had advertised gold bars on his Facebook page for the Marlton, Cherry Hill, Berlin, Voorhees online yard sale. Victim 1 had been perusing the web page since May 2017 in search of gold and coins as Victim 1 is a collector of such items.

On or about June 9, 2017, ATF agents interviewed two other individuals (hereinafter, “Victims 2 and 3”) who reported that they purchased fake coins from “Jonathan Kratcher.” Victims 2 and 3 met Jonathan A. Kirschner via a Facebook South Jersey Yard Sale advertisement which was an on-line posting made through Facebook. Victims 2 and 3 agreed to purchase 49 Morgan dollar coins from KIRSCHNER for $1,000. Victims 2 and 3 informed the interviewing ATF agents that KIRSCHNER’s representations that he was a federal agent made them feel more at ease. When Victims 2 and 3 met up with Kirschner for the sale, Kirschner produced a knife from his holster and used it to open a priority envelope wrapped in bubble wrap. Kirschner provided Victims 2 and 3 the fake coins and two extras which he stated were gifts. The next day, Victims 2 and 3 took the coins

to a coin dealer to have them examined. The coin dealer informed Victims 2 and 3 that the coins were fake.

Jonathan A. Kirschner was charged by criminal complaint on June 21, 2017 with impersonating a federal agent in violation of Title 18 United States Code Section 912. That same date, Jonathan A. Kirschner was arrested and had his initial appearance on June 21, 2017 before this Court. At that time, after being advised of his rights, including his right to have counsel appointed for him, Jonathan A. Kirschner elected to have an attorney represent him. The Court released Jonathan A. Kirschner on bail. Jonathan A. Kirschner's conditions of release include, in pertinent part, that "[t]he defendant must not violate federal, state, or local law while on release." See Magistrate No. 17-mj-02028 (JS).

After explaining the conditions under which the Court would release Jonathan A. Kirschner, the Court, with counsel for Jonathan A. Kirschner's acquiescence, specifically inquired of Jonathan A. Kirschner whether he would agree to be bound by the conditions of release described by the Court. Jonathan A. Kirschner said that he would.

On November 29, 2017, a U.S. Customs and Border Protection ("CBP") Trade Enforcement Officer contacted the U.S.

Department of Homeland Security ("DHS") regarding an inbound parcel that was interdicted at the DHL processing area of Philadelphia, Pennsylvania. The parcel, which was addressed to Jonathan Kirschner at his address of 709 Kimberly Drive, Moorestown, New Jersey, originated in China and was manifested to contain "copper medal [sic]" under DHL airway bill #5248179241. Following inspection, the parcel was found to contain approximately 39 rectangular pieces of cardstock bearing the markings and holographs of the Numismatic Guaranty Corporation ("NGC") as well as descriptions of various numismatics and precious metals. On or about December 14, 2017, the package was presented to R.V., President of the Delaware Valley Rare Coin Company and Vice President of the Professional Numismatists Guild, for content authentication. R.V.'s examination took place at the Delaware Valley Rare Coin Company located at 2835 West Chester Pike, Broomall, Pennsylvania. R.V. confirmed the counterfeit nature of all 39 labels bearing NGC markings and holographs. The items were returned to HSI Cherry Hill, New Jersey, where they were seized under CBP Custody and preserved as evidence.

Just yesterday, the United States learned that CBP interdicted two additional packages consigned to Jonathan A.

Kirschner. These two, newly intercepted DHL parcels were found to contain a combined 70 gold bars. The first contained 30 bars bearing markings of the Perth Mint of Australia, comingled with 20 more bars bearing the markings of a private refining company. The second contained 20 bars bearing the markings of the Royal Canadian Mint. DHS has contacted an industry expert and is coordinating an authentication examination to be performed today.

**ARGUMENT**

Jonathan A. Kirschner's bail must be revoked because his brazen conduct shows that he is unlikely to abide by any condition or combination of conditions of release. Title 18, United States Code, Section 3148(b) provides, in pertinent part, as follows:

> The attorney for the government may initiate a proceeding for revocation of an order of release by filing a motion with the district court . . . . The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -
>
> (1) finds that there is–
>
> (A) probable cause to believe that the defendant has committed a Federal, State or local crime while on release; or
>
> (B) clear and convincing evidence that the [defendant] has violated any other condition of release; and
>
> (2) finds that –
>
> (A) based on the factors set forth in section 3142(g) . . . there is no condition or combination of conditions of release that will assure that the [defendant] will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the [defendant] is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

Jonathan A. Kirschner's conduct proves that there is no combination of conditions of release by which he will abide. While on pretrial release at home, Kirschner is importing goods by means of false statements, suggesting he is committing or preparing to commit the same criminal conduct on pre-trial release that he was committing when he was arrested. Under the applicable statute, he bail must be revoked. See 18 U.S.C. § 3148(b)(1)(B).

There is also probable cause to believe Jonathan A. Kirschner's importation of counterfeit labels and holographs of the NGC constitutes the commission of another Federal, State, or local crime. The package containing the counterfeit holographs was manifested to contain "copper medal [sic]," however, it contained counterfeit labels and holographs. DHS advises that, typically, a person receiving a package from overseas is required to prepare the manifest for the contents of the package. Previously in this investigation, this Court issued a search warrant on June 20, 2017, authorizing DHS to search the residence of Jonathan A. Kirschner, in part based on evidence that Jonathan A. Kirschner had falsely described the contents of nine packages in manifest descriptions to avoid detection by law enforcement that the packages contained counterfeit coins and

bars. After executing the search warrant, analysis of the materials retrieved during the search revealed rectangular cardstocks bearing the markings and holographs of NGC (identical to the NGC markings and holographs of the presently seized items), including the descriptions of the individual items that they were meant to accompany to provide the appearance of authenticity to the unsuspecting buyer. Thus, there is probable cause to believe that Jonathan A. Kirschner has caused the entry of goods into the United States by means of false statements, in violation of 18 U.S.C. § 542. Pursuant to 18 U.S.C. § 3148(b)(1)(A), his bail must be revoked.

In addition, Jonathan A. Kirschner's conduct suggests there is no condition or combination of conditions of release that will assure that he will not flee or pose a danger to the safety of any other person or the community. His flagrant disregard of the Court's order not to commit another Federal State, or local crime provides no assurance that he will respect any of the Court's orders, including orders to appear before the Court. And his importation of counterfeit holographs and what will likely prove to be counterfeit gold bars demonstrates that he is a danger to the community, preparing once again to defraud unsuspecting collectors by selling them counterfeit goods. As

the Court is aware, the commission of economic crimes constitutes a danger to the community. See United States v. Leoneti, 1988 WL 61738, *2 (E.D. Pa. June 9, 1988) ("[A] case cited in the [1984 Bail Reform Act's] legislative history, United States v. Provenzano, 605 F.2d 85 (3d Cir. 1979) . . . instructed that community danger not only meant a crime of physical violence, but also included the commission of future economic crimes as well.").

In this District, United States Magistrate Judge Joseph A. Dickson recently denied a defendant's application for pretrial release, reasoning that home incarceration provided no assurance that the defendant would comply with conditions of release where his underlying crime involved receiving contraband by mail to his home. See United States v. Romero Carolina, 2017 WL 2426866, at *2 (DNJ June 5, 2017). Judge Dickson made this determination in part based on the record that the defendant "violated his parole on one occasion," and "this parole violation stemmed from a new arrest for weapon and drug offenses while he was on parole supervision." Id. at *2 (emphasis added). The specific facts leading to the defendant's arrest included the defendant using the postal service as a means of transporting and receiving the drugs directly to his home.

These specific facts "(regarding the allegation of having the drugs delivered by mail) and Defendant's criminal record lead the Court to conclude that living at home will not sufficiently deter Defendant's apparent propensity to engage in more criminal activity. The Court finds that home incarceration does not adequately assure the safety of the community." Id. at *3.

The United States submits that Jonathan A. Kirschner's bail should be revoked for the following reasons: First, the United States has shown that Jonathan A. Kirschner is unlikely to abide by any condition or combination of conditions of release, and his bail must be revoked pursuant to 18 U.S.C. § 3148(b)(2)(B). Second, there is probable cause to believe that Jonathan A. Kirschner has committed a Federal, State or local crime while on release, specifically by causing the entry of goods by means of false statements in violation of 18 U.S.C. § 542, and his bail must be revoked pursuant to 18 U.S.C. § 3148(b)(1)(A). Third, Jonathan A. Kirschner's flagrant disregard of the Court's order of conditions of release shows that there is no condition or combination of conditions of release that will assure that Jonathan A. Kirschner will not flee or pose a danger to the safety of any other person or the

community, and his bail must be revoked pursuant to 18 U.S.C. § 3148(b)(2)(A).

In light of the serious nature of these allegations, the United States requests a hearing in this matter as soon as possible.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court revoke defendant Jonathan A. Kirschner's bail and order him detained pre-trial. The United States requests that the Court set this matter down as soon as possible for a hearing pursuant to 18 U.S.C. § 3148(b), so that the Court may hear argument on whether there is any combination of conditions of release to which Jonathan A. Kirschner would be likely to abide.

Respectfully submitted,

WILLIAM E. FITZPATRICK
Acting United States Attorney

**s/ Alyson M. Oswald**

By: ALYSON M. OSWALD
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, Alyson M. Oswald, Assistant United States Attorney, do hereby certify that on this date, I served the foregoing Notice of Motion and Memorandum Of The United States In Support Of Its Motion For Revocation Of Bail as follows:

VIA ELECTRONIC COURT FILING AND ELECTRONIC MAIL TO:

Leonard D. Biddison
132 N. Haddon Ave.
Haddonfield NJ 08033

leonardbiddison@verizon.net

Dated: December 21, 2017

**s/ Alyson M. Oswald**

Alyson M. Oswald
Assistant United States Attorney