C-1
6/25/18



U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

CRAIG CARPENITO
United States Attorney

ALYSON M. OSWALD
Assistant United States Attorney

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE   856/757-5026
401 Market Street, 4th Floor   Fax: 856/968-4917
Post Office Box 2098
Camden, New Jersey 08101-2098

AMO:2017R00442

May 17, 2018

Leonard D. Biddison
132 N. Haddon Ave.
Haddonfield NJ  08033

Cr 18-360 (RBK)

Re:   Plea Agreement with Jonathan A. Kirschner, a/k/a "Jonathan Kratcher"

Dear Mr. Biddison:

     This letter sets forth the plea agreement between your client, Jonathan A. Kirschner, and the United States Attorney for the District of New Jersey ("this Office").

### Charge

     Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant Jonathan A. Kirschner to a two-count Information which charges him with Count 1: impersonating an officer and employee acting under the authority of the United States from on or about May 9, 2016 to on or about June 20, 2017, in violation of 18 U.S.C. § 912, and Count 2: knowingly bringing into the United States false coins or bars, in violation of 18 U.S.C. § 485 from on or about January 20, 2016 to on or about January 5, 2018.  If Jonathan A. Kirschner enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Jonathan A. Kirschner for his role in knowingly, willfully, and falsely assuming and pretending to be an officer and employee acting under the authority of the United States and any department, agency and officer thereof, that is, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and in such pretended character demanding and obtaining any money, paper, document and thing of value, that is, money in exchange for counterfeit coins, or passing, uttering, publishing, selling, possessing, or bringing into the United States any false, forged, or counterfeit coin or bar, knowing the same to be false, forged, or counterfeit, with intent to defraud any body politic or corporate, or any person all between January 2016 and the date of this plea agreement.  However, if a guilty plea in this matter is not

entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jonathan A. Kirschner may be commenced against him, notwithstanding the expiration of the limitations period after Jonathan A. Kirschner signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 912 in Count 1 to which Jonathan A. Kirschner agrees to plead guilty carries a statutory maximum prison sentence of three years. The violation of 18 U.S.C. § 485 in Count 2 to which Jonathan A. Kirschner agrees to plead guilty carries a statutory maximum prison sentence of fifteen years. Each count carries a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentences on each count may be imposed to run consecutively.

The sentence to be imposed upon Jonathan A. Kirschner is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence will ultimately be imparted.

Further, in addition to imposing any other penalty, the sentencing judge: (1) will order Jonathan A. Kirschner to pay an assessment of $100 on each count, pursuant to 18 U.S.C. § 3013, this assessment must be paid by the date of sentencing; (2) must order Jonathan A. Kirschner to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Jonathan A. Kirschner, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Jonathan A. Kirschner to serve a term of supervised release of not more than 1 year on Count 1, and not more than 3 years on Count 2, which will begin at the expiration of any term of imprisonment imposed. Should Jonathan A. Kirschner be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jonathan A. Kirschner may be sentenced to not more than 1 year of imprisonment for the charge in Count 1 and not more than 2 years of imprisonment for the charge in Count 2 in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Jonathan A. Kirschner specifically agrees that for purposes of sentencing, uncharged offenses and/or dismissed counts will be treated as relevant conduct pursuant to U.S.S.G. § 1B1.3, to the extent that the offenses are related to the counts of conviction.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jonathan A. Kirschner by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jonathan A. Kirschner's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Jonathan A. Kirschner agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Jonathan A. Kirschner from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Jonathan A. Kirschner waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Forfeiture

Jonathan A. Kirschner agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(2)(B), to forfeit to the United States any property constituting, or derived from, proceeds Jonathan A. Kirschner obtained directly or indirectly, as the result of the offense charged in Count 2 of the Information and all property traceable to such property (the "Forfeitable Property," which includes the items listed on Schedule B hereto).

Jonathan A. Kirschner further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Jonathan A. Kirschner agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Jonathan A. Kirschner understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Jonathan A. Kirschner hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jonathan A. Kirschner. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, or Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Jonathan A. Kirschner.

4

No provision of this agreement shall preclude Jonathan A. Kirschner from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Jonathan A. Kirschner received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Jonathan A. Kirschner and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

BY: _____
ALYSON M. OSWALD
Assistant U.S. Attorney

APPROVED:

_____
MATTHEW J. SKAHILL
Assistant U.S. Attorney
Attorney-in-Charge, Camden

5

I have received this letter from my attorney, Leonard D. Biddison, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, forfeiture, stipulations, waiver, and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 5/24/18  6/25/18
JONATHAN A. KIRSCHNER

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 5/24/18  6/25/18
LEONARD D. BIDDISON, Esquire

6

Plea Agreement with Jonathan A. Kirschner

Schedule A

1. This Office and Jonathan A. Kirschner recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Jonathan A. Kirschner nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

Count 1

3. The applicable guideline provision for impersonating a federal officer or employee is U.S.S.G. § 2J1.4; 18 U.S.C. § 912. This offense carries a Base Offense Level of 6. See U.S.S.G. § 2J1.4(a). However, because the impersonation was to facilitate another offense, namely, wire fraud, in connection with the online sale of counterfeit gold bars and coins, and the offense level associated with wire fraud is greater than the offense level determined above, U.S.S.G. § 2B1.1 applies. See U.S.S.G. 2J1.4(c)(1).

4. Under U.S.S.G. § 2B1.1, the base offense level is 6 because the offense of conviction has a 3 year maximum penalty. See U.S.S.G. § 2B1.1(a)(2). Because the loss resulting from the criminal conduct is more than $6,500 but not more than $15,000, Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(B) applies, resulting in an increase of 2 levels.

5. Accordingly, the Adjusted Offense Level for Count 1 is 8.

Count 2

6. The applicable guideline provision for bringing counterfeit coins and bars into the United States is U.S.S.G. § 2B1.1; 18 U.S.C. § 485. The Base Offense Level is 6. See U.S.S.G. § 2B1.1(a)(2).

7. The parties do not agree on the loss amount and reserve the right to argue their respective positions at sentencing:

    a. The United States believes that the fair market value of the counterfeit coins and bars brought into the United States by Jonathan A. Kirschner, if they were genuine, is $46,397,164.17. Analysis of 28 of Jonathan A. Kirschner's sales of counterfeit coins and bars reveals that Jonathan A. Kirschner sold counterfeit coins and bars at a rate of $0.77 on every dollar of their market value if genuine, resulting in a 23% discount to his customers. Accordingly, the United States reserves the right to argue that the loss amount for the counterfeit coins and bars that Jonathan A. Kirschner brought into the United States is 77% of their value if genuine, or $35,725,816.40, which represents their fair market value based on Jonathan A. Kirschner's counterfeit coins and bars sales history, see U.S.S.G. § 2B1.1 Application Note

3(C)(i) ("Estimation of Loss"), and the total intended gross sales that Jonathan A. Kirschner would have realized were it not for the intervention of law enforcement, see U.S.S.G. § 2B1.1 Application Note 3(A)(ii) ("Intended Loss"). Because the United States reserves the right to argue that the loss resulting from the criminal conduct is more than $25,000,000 but not more than $65,000,000, the United States reserves the right to argue that Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(L) applies, resulting in an increase of 22 levels.

     b.  Jonathan A. Kirschner believes the accurate market value of the counterfeit coins and bars that Jonathan A. Kirschner brought into the United States is $1.57 million, not $46.3 million. Accounting for the 23% discount Jonathan A. Kirschner provided to his buyers, it is the position of Jonathan A. Kirschner that the intended loss is $1.20 million (77% of $1.57 million). Accordingly, Jonathan A. Kirschner believes Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies because the loss amount is more than $550,000 but less than $1,500,000, resulting in an increase of 14 levels.

   8.  Accordingly, the parties agree that if U.S.S.G. § 2B1.1(b)(1)(L) applies, the Adjusted Offense Level for Count 2 is 28, but if U.S.S.G. § 2B1.1(b)(1)(H) applies, the Adjusted Offense Level for Count 2 is 20.

Grouping of Multiple Offenses

   9.  Pursuant to U.S.S.G. § 3D1.2(d), this Office and Jonathan A. Kirschner agree that the impersonation and the unlawful importation of counterfeit coins and bars are grouped together because both offenses use U.S.S.G. § 2B1.1 to determine the loss and the offense behavior was ongoing and continuous in nature. Accordingly, the offense level is 28 if § 2B1.1(b)(1)(L) applies, and 20 if § 2B1.1(b)(1)(H) applies. Moreover, the parties agree that even if the counts are treated as separate groups, this would not change the offense level because under Section 3D1.4(c), the offense level for the impersonation is 9 or more levels less serious than the unlawful importation of counterfeit coins and bars, which has the highest offense level, therefore, the impersonation offense will not increase the applicable offense level but may provide a reason for sentencing at the higher end of the sentencing range for the applicable offense level. See U.S.S.G. § 3D1.4.

   10.  As of the date of this letter, Jonathan A. Kirschner has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Kirschner's acceptance of responsibility continues through sentencing. See U.S.S.G. § 3E1.1(a).

   11.  As of the date of this letter, Jonathan A. Kirschner has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Jonathan A. Kirschner's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Jonathan A. Kirschner

enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Jonathan A. Kirschner's acceptance of responsibility has continued through the date of sentencing and Jonathan A. Kirschner therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Jonathan A. Kirschner's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

12. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jonathan A. Kirschner will be 17 if U.S.S.G. § 2B1.1(b)(1)(H) applies and 25 if U.S.S.G. § 2B1.1(b)(1)(L) applies (collectively, "the agreed total Guidelines offense level").

13. The parties agree not to seek or argue for any additional upward or downward departures (at Step II of Sentencing), adjustments or variances not set forth herein. Jonathan A. Kirschner reserves the right to move for a downward variance at Step III of sentencing pursuant to the relevant factors outlined in 18 U.S.C. § 3553(a). The United States reserves the right to oppose any such application. The United States reserves the right to move for an upward variance at Step III of sentencing pursuant to the relevant factors outlined in 18 U.S.C. § 3553(a). Jonathan A. Kirschner reserves the right to oppose any such application.

14. Jonathan A. Kirschner knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the total Guidelines offense level of 25. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

15. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

9

## Plea Agreement with Jonathan A. Kirschner

## Schedule B

| | |
|---|---|
| COUNTERFEIT ATF BADGE | 1 |
| | |
| **U.S. Customs and Border Protection Seizure 2017110100047801** | **Pieces** |
| GOLD BAR MARKED SUISSE 1OZ FINE GOLD | 2 |
| GOLD BAR MARKED SUISSE 5G FINE GOLDPERTH | 10 |
| GOLD BAR MARKED THE PAMP MINT | 10 |
| | |
| **U.S. Customs and Border Protection Seizure 2017110100045601** | |
| SILVER COINS | 20 |
| | |
| **U.S. Customs and Border Protection Seizure 2017110100045901** | |
| BARS MARKED 1 TROY OZ/TD BANK | 31 |
| COINS MARKED LIBERTY 2015 | 16 |
| | |
| **U.S. Customs and Border Protection Seizure 2017110100046001** | |
| COINS MARKED LIBERTY | 200 |
| BARS MARKED NORTHWEST TERRITORIAL MINT | 15 |
| | |
| **U.S. Customs and Border Protection Seizure 2017110100045801** | |
| COINS MARKED 1883 | 127 |
| COINS MARKED 1866 | 6 |
| | |
| **U.S. Customs and Border Protection Seizure 2017110100045701** | |
| GOLD COINS MARKED | 101 |
| | |
| **U.S. Customs and Border Protection Seizure 2017110100042001** | |
| SILVER BARS | 100 |
| | |
| **U.S. Customs and Border Protection Seizure 2017110100036601** | |
| GOLD COINS | 100 |
| | |
| **U.S. Customs and Border Protection Seizure 2017110100047701** | |
| COIN MARKED LIBERTY 2012 | 1 |
| | |
| **U.S. Homeland Security Investigations Seizure 2017460100091001** | |
| U.S. MORGAN DOLLARS W/VARYING YEARS | 53 |

| U.S. Homeland Security Investigations Seizure 2017460100074301 | |
|---|---|
| MICROSOFT SURFACE RT TABLET (Serial Number 091772224252) | 1 |
| HP LAPTOP COMPUTER WITH PLUG (Serial Number 5CG7141RQ0) | 1 |
| HPTPC Q022-19 ALL IN ONE COMPUTER (Serial Number TJ1644LP4N ) | 1 |
| SAMSUNG MICRO SD CARD | 1 |
| PACKAGING MATERIALS | 7 Bags |
| MISCELLANEOUS DOCUMENTS | 1 Bag |
| EMBOSSING TOOL, U.S. MINT STAMP | 1 |
| COUNTERFEIT U.S. CURRENCY | 700 |
| COINS, TOKELAU, SILVER COLORED | 10 |
| COINS, U.K., GOLD COLORED | 10 |
| COINS, U.S., GOLD COLORED | 48 |
| COINS, U.S., SILVER COLORED | 229 |
| BULLION, GERMAN, SILVER COLORED | 12 |
| RECTANGULAR BARS, U.S., SILVER COLORED | 22 |
| RECTANGULAR BARS, AUSTRALIA, GOLD COLOR | 34 |
| RECTANGULAR BARS, U.S., SILVER COLORED | 29 |
| RECTANGULAR BARS, U.K., GOLD COLORED | 3 |
| RECTANGULAR BARS, BELGIUM, GOLD COLORED | 3 |
| RECTANGULAR BARS, GERMAN, GOLD COLORED | 33 |
| RECTANGULAR BARS, CANADA, GOLD COLORED | 19 |
| RECTANGULAR BARS, SWISS, GOLD COLORED | 25 |
| RECTANGULAR BARS, U.K., SILVER COLORED | 5 |
| RECTANGULAR BARS, ASIAN, SILVER COLORED | 5 |
| U.S. INDIAN HEAD PENNIES, BRONZE COLORED | 61 |
| COINS, U.S., 1 CENT, BRONZE COLORED | 14 |
| RECTANGULAR BARS, SWISS, SILVER COLORED | 6 |
| COINS, SPAIN, GOLD COLORED | 2 |
| COINS, NEWFOUNDLAND, GOLD COLORED | 23 |
| KRUGERRAND, SOUTH AFRICA, GOLD COLORED | 18 |
| COINS, AUSTRALIA, GOLD COLORED | 20 |
| COINS, CHINA, GOLD COLORED (IN BOX) | 10 |
| COINS, CANADA, GOLD COLORED | 2 |
| COIN, CHINA, SILVER COLORED (IN BOX) | 1 |
| COINS, ASIAN, SILVER COLORED | 2 |
| COINS, CANADA, SILVER COLORED | 62 |
| COINS, AUSTRALIA, SILVER COLORED | 78 |
| | |
| **US Homeland Security Investigations Seizure 2018110100016701** | |
| RECTANGULAR BARS, AUSTRALIA, GOLD COLOR | 30 |

| | |
|---|---|
| RECTANGULAR BARS, SWISS, GOLD COLORED | 20 |
| | |
| **US Homeland Security Investigations Seizure 2018110100016801** | |
| RECTANGULAR BARS, CANADA, GOLD COLOR | 20 |
| | |
| **US Homeland Security Investigations Seizure 2018110100016901** | |
| COUNTERFEIT NGC LABELS | 39 |
| PACKAGING MATERIALS | 4 |
| MANIFEST DOCUMENT | 1 |
| | |
| **US Homeland Security Investigations Seizure 2018110100017001** | |
| U.S. BUFFALO NICKLES, SILVER | 17 |
| U.S. COINS, SILVER-COLORED | 2 |
| U.S. COIN, GOLD-COLORED | 1 |
| PACKAGING MATERIAL(S) | 37 |
| COUNTERFEIT PCGS CARDSTOCKS/HOLOGRAMS | 12 |
| MANIFEST DOCUMENT | 1 |
| | |
| **US Homeland Security Investigations Seizure 2018110100020801** | |
| Counterfeit NGC Labels/Holograms | 999 |