

**U.S. Department of Justice**

United States Attorney
District of New Jersey

---

RACHAEL A. HONIG  
ACTING UNITED STATES ATTORNEY

*Jordan M. Anger*  
*Assistant United States Attorney*

*970 Broad Street, Suite 700*  
*Newark, NJ 07102*  
*jordan.anger@usdoj.gov*

main:   (973) 645-2700  
direct: (973) 645-2829  
fax:    (973) 645-3210

November 8, 2021

**VIA ECF**

The Honorable Robert B. Kugler  
United States District Judge  
Mitchell H. Cohen Building & U.S. Courthouse  
4th & Cooper Streets  
Camden, New Jersey 08101

Re: *United States v. Jonathan A. Kirschner,*  
    Criminal Number: 18-360 (RBK)

Dear Judge Kugler:

I am an Assistant United States Attorney assigned to the Asset Recovery Money Laundering Unit and I am responsible for the enforcement and collection of the Special Assessment and Restitution that was ordered in the above-referenced case. The United States respectfully submits this Letter Motion and proposed Turnover Order allowing for the turnover of money from the approximately $1,119.97, that is currently held in Defendant's BOP Trust Account, to the Clerk of Court, to be applied against the Restitution due in this matter.

By way of background, pursuant to Defendant Jonathan A. Kirschner's (Defendant) Judgement in a Criminal Case, dated July 6, 2021, Defendant was ordered to pay a Special Assessment in the amount of $200.00 and Restitution in the amount of $14,600.00, (ECF# 87 at 1 & 7) for a totaled debt of $14,800.00 The Court ordered that the Special Assessment and the Restitution were "due immediately." *Id*. As of November 4, 2021, the Defendant's outstanding Restitution debt balance was approximately $14,400.00.

The United States submits that the requested relief is reasonable and appropriate in this instance where the Defendant has accumulated significant funds in his Bureau of Prisons (BOP) Inmate Trust Account (also known as: Inmate Commissary Account). Also, without this relief, the BOP will be required to allow the Defendant access to those funds. That would allow the Defendant the opportunity to

possibly dissipate, conceal or transfer the fund, without first paying his court ordered Restitution.

The Defendant remains in the custody of the BOP and is assigned to the Federal Correctional Institution-Danbury at Danbury, Connecticut. The Defendant has BOP Register Number: 70909-050. The Defendant is scheduled to remain in the custody of the BOP until July 11, 2022. The Defendant has a BOP Inmate Trust Account with a balance of approximately $1,119.97, as of October 22, 2021. The United States will apply whatever balance remains in the Defendant's BOP Inmate Trust Account at the time of turnover to the outstanding Restitution debt owed by this Defendant.

The United States has served the Defendant with a copy of this Letter Motion and the attached proposed Turnover Order. The Defendant may object to the United States' intended use of his property. The United States is not aware of any other party, who may claim an interest in the property.

The United States submits the enclosed proposed Turnover Order directing that:

1. The BOP remit $1,119.97 (or the then-current balance, if less than $14,400.00) currently contained in the Defendant's BOP Inmate Trust Account to the Clerk of Court to be applied against the Defendant's outstanding Restitution debt; and

2. That the Defendant's Restitution debt be credited with the foregoing payments.

Pursuant to 18 U.S.C. § 3613:

> The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . .

18 U.S.C. § 3613(a).

Enforcement of restitution may begin immediately after an entry of judgment arises on a defendant's property. *See id.* § 3613(c). Pursuant to Section 3613(c), an

order of restitution creates "a lien in favor of the United States on <u>all</u> property and rights to property of the person fined as if the liability . . . were a liability for a tax assessed" by the IRS. *Id.* (emphasis added). The only property not subject to enforcement is that which is exempt under § 6334(a)(1)-(8), (10) and (12) of the Internal Revenue Code of 1885. *See id.* § 3613(a)(1). In other words, not only may a judgment be recorded for the full amount of the order, *see id.* § 3664(m)(1), but the judgment may be immediately enforced against all property of the defendant with limited exceptions. *Id.* § 3613(a) and (f).

Since the enactment of the Victim and Witness Protection Act of 1982 ("VWPA"), federal courts have been vested with general authority to order victim restitution as part of the sentence for criminal convictions under Title 18. *See* VWPA, Pub. L. No. 97-291, § 5, 96 Stat. 1248, 1253-55 (1982) (enacting predecessors to 18 U.S.C. § 3663). In reporting this legislation to the full Senate, the Committee on the Judiciary noted:

> The principle of restitution is an integral part of virtually every formal system of criminal justice, of every culture and every time. It holds that, whatever else the sanctioning power of society does to punish its wrongdoers, it should also insure that the wrongdoer is required to the degree possible to restore the victim to his or her prior state of well-being.

S. Rep. 97-532 at 30 (1982), reprinted in 1982 U.S.C.C.A.N. 2515, 2536. The VWPA was part of a movement towards a more victim-centered justice system and for the first time provided federal courts with authority to order payment of restitution independently of probation. *See id.*

Congress strengthened the role of restitution in the sentencing process in 1996 by enacting the Mandatory Victims Restitution Act ("MVRA"), Pub. L. No. 104-132, §§ 201-211, 110 Stat. 1214 (1996). The MVRA made victim restitution mandatory for most federal crimes, consolidated procedures for issuing restitution orders, and provided for enhanced post-conviction enforcement of such orders by the United States. The restitution provisions of the MVRA and the VWPA are now codified principally at 18 U.S.C. §§ 3663, 3663A, and 3664. The legislative history of the MVRA in the United States Senate indicates that it was intended:

> [F]irst, to require that full restitution be ordered to the victims of all covered offenses in which there is an identifiable victim, second, to establish one set of procedures for the issuance of restitution orders in Federal criminal cases, and third, to consolidate the procedures for

3

> the collection of unpaid restitution with existing procedures for the collection of unpaid fines, while at the same time strengthening those procedures.

S. Rep. 104-179, at 13-14 (1995), reprinted in 1996 U.S.C.C.A.N. 924, 926-27; *see also United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002). The legislative history of the MVRA in the United States House of Representatives also states:

> [T]he [MVRA] is an important step forward in ensuring justice for the victims of crime and accountability for convicted criminals. By requiring full financial restitution, the Act requires the offender to face the harm suffered by his victims and, to others harmed by his unlawful actions. Further, it strives to provide those who suffer the consequences of crime with some means of recouping the personal and financial losses resulting from crime.

H.R. Rep. 104-16, at 4-5 (1995).

The MVRA requires courts to order the defendant to make restitution to all victims in the full amount of each victim's losses "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Pursuant to 18 U.S.C. § 3572, there is a preference for the defendant to make such payment ***immediately*** *Id.* § 3572(d)(1) (emphasis added). Should the Court allow for other than immediate payment, it "shall be the shortest time in which full payment can reasonably be made." *Id.* § 3572(d)(2). Moreover, under the Justice for All Act, a victim is entitled to "full and timely restitution as provided in law." *Id.* § 3771 (a)(6) (emphasis added). In this case, however, the Court specifically ordered the restitution and special assessment to be "due immediately." (ECF # 87 at 1 & 7).

Under 18 U.S.C. § 3664(n): "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed".

Under 18 U.S.C.§ 3612(c), Congress directed the Attorney General to aggressively enforce restitution orders with the intent that the Department of Justice would commit resources necessary to ensure that the rights of victims are enforced. *See id.* § 3612(c); *Phillips*, 303 F.3d at 551. The Attorney General was instructed to promulgate guidelines that would ensure such enforcement of restitution orders is pursued "to the fullest extent of the law." *See* Pub. L. No. 104-132, § 209(2), 110 Stat. 1214 (codified as a note under 18 U.S.C. § 3551).

The Attorney General's guidelines comply with this mandate, both directing that orders of restitution be enforced as a key element of the criminal judgment and requiring the Financial Litigation Units in the United States Attorney's Offices to take all steps possible to ensure that restitution is collected and that victims of crime are fully compensated for their losses. The MVRA provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means and, under 18 U.S.C. § 3613(a), it may collect restitution in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law, including the Federal Debt Collection Procedures Act of 1990.

In this case, the Defendant is scheduled to be incarcerated until 2022. His current (as of October 22, 2021) BOP Inmate Trust Account balance of $1,119.97 is likely to be the most substantial sum of money that the Defendant will have to apply to his outstanding restitution debts for many years. Accordingly, in compliance with the mandate to enforce restitution orders in the shortest period of time possible, the United States respectfully requests that the Court grant the turnover order.

Based on the foregoing, the United States respectfully requests that the Court enter the proposed Turnover Order, so that money contained in the Defendant's BOP Inmate Trust Account can be applied against the Defendant's Restitution obligations previously imposed by the Court.

        Respectfully submitted,

        RACHAEL A. HONIG
        Acting United States Attorney

By:   *s/ Jordan M. Anger*
        JORDAN M. ANGER
        Assistant United States Attorney

Enclosure

CERTIFICATE OF MAILING

I hereby certify November 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Edward J. Crisonino

In addition, I hereby certify that these documents were mailed, via Certified Mail, to the following non-CM/ECF participant:

Defendant:
Jonathan A. Kirschner
Register Number: 70909-050
FCI-Danbury
Route 37
Danbury, Connecticut 06811

By:   *s/ Jordan M. Anger*
JORDAN M. ANGER
Assistant United States Attorney