

**U.S. Department of Justice**

United States Attorney
District of New Jersey

---

PHILIP R. SELLINGER
United States Attorney

*JORDAN M. ANGER*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
[jordan.anger@usdoj.gov](mailto:jordan.anger@usdoj.gov)

main: (973) 645-2700
direct: (973) 645-2829
fax: (973) 645-3210

January 27, 2022

**VIA ECF**

The Honorable Robert B. Kugler
United States District Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

Re: *United States v. Jonathan A. Kirschner*
Criminal Number: 18-360 (RBK)

Dear Judge Kugler:

The United States respectfully submits this letter in reply to Defendant Jonathan Kirschner's letter to the Court dated December 7, 2021 (*see* Ex. A) ("Letter" or "Ltr.")[1] submitted in opposition to the United States' motion for a turnover order (ECF #89).

Defendant's Letter raises numerous factual and legal arguments in opposition to the Government's motion. While the United States takes no position as to Defendant's factual representations (*e.g.*, the source of the funds), Defendant's legal arguments will be addressed. Specifically, Defendant argues: 1) that the Court should deny the turnover because Defendant's participation in the BOP Financial Responsibility Program ("FRP") (prison payment program) exempts him from other restitution collection; 2) that the turnover violates of the terms of Defendant's judgment by seeking more than the monthly payment; 3) that the funds in the BOP trust account do not amount a "significant amount" and therefore cannot be encumbered; and 4) that he needs the funds for other uses. As will be shown, none of these arguments should not prevent the Court from ordering the turnover of the funds in the Defendant's BOP Trust Account.

---

[1] The United States received the Letter in late December 2021, however it appears that a copy was not sent to the Clerk's Office because no docket entry was ever made. Therefore, for the Court's convenience, a copy of the Letter is attached to this reply.

First, Defendant's participation in the BOP's FRP and the minimum payment listed in his Judgment (ECF #87) have no effect on this enforcement motion. As specifically addressed by the Third Circuit in *United States v. Shusterman*, 331 Fed. App'x 994 (3d Cir. 2009), regardless of any payment schedule, if the judgment provides that restitution is "due immediately" – such as in this matter – the government may utilize "garnishment as an additional means to collect the restitution judgment." 331 Fed. App'x at 997. The BOP's FRP "does not and cannot take precedence over Defendant's court-ordered restitution obligation." *United States v. Smith,* 2021 WL 5025079, at *2 (E.D. Tenn. Oct. 28, 2021) (citing *United States v. Coates*, 178 F.3d 681, 685 (3d Cir. 1999)). Further, under 18 U.S.C.§ 3612(c), Congress directed the Attorney General to aggressively enforce restitution orders with the intent that the Department of Justice would commit resources necessary to ensure that the rights of victims are enforced. *See id.* § 3612(c); *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002). The Attorney General was instructed to promulgate guidelines that would ensure such enforcement of restitution orders is pursued "to the fullest extent of the law." *See* Pub. L. No. 104-132, § 209(2), 110 Stat. 1214 (codified as a note under 18 U.S.C. § 3551).

Furthermore, under the Justice for All Act, a victim is entitled to "full and timely restitution as provided in law." 18 U.S.C. § 3771 (a)(6) (emphasis added). Accordingly, the existence of any payment plan or Defendant's participation in any BOP program does not override that the restitution is due immediately. As a result, any non-exempt assets belonging to the Defendant are subject to garnishment and pursuant to 18 U.S.C. §3572(d)(1) the United States is obligated to pursue the restitution payments as quickly as possible.

Therefore, neither Defendant's participation in the BOP's FRP nor the minimum payment provided for in the judgment prevent the Government from garnishing his BOP Trust account.

Second, Defendant's argument that the funds in the BOP trust account do not amount a "significant amount" does not prevent the Court from issuing the turnover order. Federal law specifically provides that the "United States may enforce a judgment imposing a fine [or restitution] . . . [n]otwithstanding any other Federal law . . ." except as specifically provided in the statute. 18 U.S.C. §3613(a). Nowhere in either 18 U.S.C. §3613 or 26 U.S.C. § 6824 (or any other statute) are gifts from family or savings from prison wages exempted from collection of restitution obligations. Notably, Defendant's Letter does not direct the Court to any statutory basis exempting these funds from restitution enforcement.

Moreover, "if a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. §3664(n).

Therefore, "an inmate who receives money from any source must apply it to restitution still owed." *United States v. White,* 745 F. App'x 646, 648 (7th Cir. 2018). As a result, the United States is permitted to seek turnover of the funds in Defendant's BOP Trust Account (regardless of the source) in enforcement of his restitution debt. *See, e.g., Smith,* 2021 WL 5025079, at *2; *United States v. Davis,* 2021 WL 2678765 (N.D. Ind. June 30, 2021); *United States v. Burnett,* 2021 WL 1945856 (E.D. Mo. May 14, 2021).

Defendant also appears to argue that because the funds originated from family gifts or prison wages that the savings are exempt, but Defendant does not provide citation to any statutory basis for exemption from restitution enforcement. The only property not subject to enforcement is that which is exempt under § 6334(a)(1)-(8), (10) and (12) of the Internal Revenue Code of 1885. *See* 18 U.S.C. § 3613(a)(1). And Defendant has not directed the Court to any of these provisions because none of the provisions apply to gifts from family or prison wages.

Defendant's reliance on *United States v. Hughes*, 914 F.3d 947 (7th Cir. 2019), for the proposition that the funds found in the BOP Trust account cannot be turned over because 18 U.S.C. § 3664(n) only applies to "windfalls" or "substantial resources" is misplaced. The Government submits that the analysis in *Hughes* fails to account for the plain language of the statute which permits applying "resources from **any** source" and only proffers inheritance and judgments as examples of categories to also be included. 18 U.S.C. § 3664(n) (emphasis added). As a result, numerous courts have granted turnover motions under Section 3664(n) in cases where funds were amassed in inmate trust accounts absent any so-called windfall. *See, e.g., United States v. Rand*, 924 F.3d 140, 141 (7th Cir. 2019) (accepting argument that approximately $1,684.57 amassed in inmate trust account was "substantial resource" requiring turnover); *United States v. Lemberger*, 673 Fed. App'x 579, 579-80 (7th Cir. 2017) (government's Section 3664(n) turnover request was lawful since defendant was " 'a person obligated to pay restitution' who had a 'substantial' sum in his inmate trust account" in the form of $4,650); *United States v. Norwood*, 2020 WL 773065, at *4 (D.N.J. Feb. 18, 2020) (granting government's turnover motion because of "substantial resources" of $5,931.40 in defendant's inmate account); *United States v. Brown*, 2017 WL 3493021, at *3 (S.D. Ill. Aug. 15, 2017) (finding approximately $4,500 in inmate account was "substantial resource" and granting motion to turn over $4,060 from the account); *United States v. Hester*, 2016 WL 1007335, at *2, 3 (S.D. Cal. Mar. 14, 2016) (granting turnover motion under Section 3664(n) when balance in defendant's account was $12,639.30 after years of regular transfers between $100-$300 from Western Union or money grams into Hester's account).

Defendant's reliance on *Lagos v. United States*, 138 S. Ct. 1684 (2018), is also misplaced. The holding in *Lagos* relates solely to what types of losses are cognizable under the MVRA. *Id.* at 1690 (limiting the types losses recoverable in restitution to

only "government investigations and criminal proceedings"). *Lagos* does not address the collection of the restitution ordered and, as a result, has no bearing on the pending motion.

Therefore, these funds are not subject to any statutory exemption and should be turned over in support of the enforcement of Defendant's restitution obligation.

Third, Defendant argues that these funds should not be turned over to pay down his restitution obligation because Defendant needs the money for other uses. Ltr. at 1-3 (*i.e.*, FRP, access to family and friends, and post-release financial security). While any of bases may be "understandable concern[s], [they] do[] not negate § 3664(n)'s applicability to his situation." *Davis,* 2021 WL 2678765 at *2. The Court ordered Defendant to pay restitution and ordered that it was due immediately, therefore pursuant to the MVRA the funds accumulated in his BOP Inmate Trust Account should be applied to those outstanding debts.

Finally, the United States agrees that it is within the discretion of the Court to determine the amount of money in the trust account to be turned over. That said, as of November 4, 2021, Defendant had a balance of approximately $1,119.97 in his BOP Inmate Trust Account and in nearly four years since being sentenced Defendant has paid approximately $400 towards his restitution and special assessment obligations. Therefore, the United States submits that his request that the Court only apply 25% of his balance (Ltr. at 3) to the outstanding restitution obligation is patently unreasonable. The United States leaves to the Court's discretion to determine the appropriate amount.

Based on the foregoing, the United States respectfully requests that the Court enter the proposed Turnover Order, so that the funds contained in the Defendant's BOP Inmate Trust Account, can be applied against the Defendant's restitution obligation previously imposed by the Court.

                        Respectfully submitted,

                        PHILIP R. SELLINGER
                        United States Attorney

By:   *s/ Jordan M. Anger*
        JORDAN M. ANGER
        Assistant United States Attorney

4

CERTIFICATE OF MAILING

I hereby certify that on January 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Edward J. Crisonino

In addition, I hereby certify that these documents were mailed, via Certified Mail, to the following non-CM/ECF participant:

Defendant:
Jonathan A. Kirschner
Register Number: 70909-050
FCI-Danbury
Route 37
Danbury, Connecticut 06811

By: *s/ Jordan M. Anger*
JORDAN M. ANGER
Assistant United States Attorney

# Exhibit A

December 7, 2021

Response to "Take Over Order"
Jordan Anger
970 Broad St. #700
Newark NJ 07102

Re: Jonathan Kirschner
# 70909-050

Fanbury (Low) has been on Code "Red" Lock Down for several weeks I have no access to a legal library, photo copier, Therefore, please accept this response due to difficulty not within my control.

I challenge the "Take Over" due to the following:

1) I have made every payment due to the Court (via FRP).

2) My J&C specifically enumerates the method of payment (FRP) amount of payment. To change such conditions set within my J&C also violates the entire J&C —

3) The amount that has been encumberaced is not a "significant amount."

4) I am to leave prison in July of 2022 (7 months away) This take or "Turn Over Order" will eliminate my options once I leave Fanbury.

Normally these Turn Over Order(s) is reserved for "Wind Fall" income not from inmate's family, friends or prison wages.

PAGE #2

Money from prison wages or periodic money from family are EXEMPT form turn over orders. In "Lagos v. United States" (138 S. Ct 1684 (2018)) the Supreme Court ruled that Mandatory Victims Restitution Act ("MVRA") clearly shows that just because the Government can take funds it does not mean that they are allowed a "Broad Reading" of the law.

In United States v. Hughs (914 F. 3d 947, 951) holds that a 3664(n) phrase of "Substantial Resources" does NOT "encompass any and all funds contained within an inmates account" and "Refers (only) to "windfalls" or "sudden financial injections" that become suddenly available" to the inmate. No such event has occured.

The Hugh's case only "Inheritence, settlement or other Judgemnt", None of othese apply to this Proposed "Take over order". Meanwhile periodic paid prison wages and family support are not contained with in 3664(n)

This "Turn-over order" Violates my Constitutional Rights to "Over Punishment" (8th Ad.). This elimates my ability to speak to, write to and organize my Re-entry just months away.

PAGE #3

There is no interpretation of this "Turn Over" order that is fair, consistant to the Criminal Judgement and in Harmony with the Relevent Law. —

I Prey that the Court either:
1) Deny this Motion since I am just 7 Months from release and rely upon these funds for re-entry into society.

II) If the Court wishs to an-unconstitutional siezure of my assets please limit it to 25% of current balance.

III) Acknowlage that I am up to date with "FRP" and my J&C Commands the Amount, Date, and Method of Payment.

Thank you, I apologize for a hand writen response. —

Jonathan Kirschner
# 70909-050
FCI Danbury Low
33 1/2 Pembroke Rd.
Danbury CT 06811